# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**MAURICIO WILSON, # 31507-044**　　　　　　　　　　　　　　　　　　**PETITIONER**

**VERSUS**　　　　　　　　　　　　　　　　**CIVIL ACTION NO. 5:09-cv-22-DCB-MTP**

**BRUCE PEARSON**　　　　　　　　　　　　　　　　　　　　　　　　　　**RESPONDENT**

## MEMORANDUM OPINION

This matter is before the court, <u>sua sponte</u>, for consideration of dismissal. Petitioner Mauricio Wilson filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on February 27, 2009. Upon review of the court record, the court has reached the following conclusions.

### Background

The petitioner pleaded guilty to possession of child pornography in the United States District Court for the Eastern District of Missouri. The petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 was denied by the United States District Court for the Eastern District of Missouri on July 21, 2008 as time barred.

In the petition before this court, petitioner argues he is being illegally held due to actual innocence and ineffective assistance of counsel.[1] Petitioner asserts that he is actually innocent because the pornography that he was convicted of being in possession of belonged to the government's confidential informant. [3], p. 3. Additionally, the petitioner claims that he was entrapped by the government's confidential informant. As to petitioner's claims regarding

---

[1] In various attachments to his petition, Petitioner also asserts a claim that he be credited for two years served in a state facility. This court will not address this claim since petitioner is addressing this claim in a separate habeas petition pursuant to § 2241. (Civil action number 5.09-cv-105-DCB-MTP).

ineffective assistance of counsel, he claims that his trial counsel told him there was nothing he could do to defend him and therefore he must enter a guilty plea. As relief, petitioner request his release from incarceration.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. I.N.S.,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

In the instant case, the petitioner's allegations relate to the validity of his conviction and sentence. Clearly, these claims relate to alleged errors that occurred during or before sentencing and not to the manner in which his sentence is being executed. As such, this court does not have jurisdiction to address the constitutional issues presented by the petitioner. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'" Reyes-

Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[2] Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack, 218 F.3d at 452. The Fifth Circuit has provided guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement. See Reyes-Requena, 243 F.3d 893 (5th Cir.2001). The Court held the savings clause of § 2255 to apply to a claim:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Reyes-Requena, 243 F.3d at 904. The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may have been imprisoned for conduct which was not prohibited by law." Id. at 903.

Petitioner asserts that he was actually innocent at the time of his trial and was persuaded to enter a guilty plea by his trial counsel. This court finds petitioner's assertion that § 2255 is an inadequate or ineffective means of attacking his current confinement to be unpersuasive. To meet the first prong of the Reyes-Requena test, petitioner must be relying on a decision by the Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime. Reyes-Requena, 243 F.3d at 904. The petitioner has failed to provide any

---

[2] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention.*

3

support to satisfy this requirement. Petitioner is asserting that he has been actually innocent since the inception of his criminal trial and does not mention a new Supreme Court decision that would make his actions noncriminal. Thus, the petitioner has failed to meet the first prong of the requirements of Reyes-Requena. Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test. Moreover, the Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'" Pack, 218 F.3d at 452 (quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)). Therefore, since the petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Conclusion

As stated above, § 2241 is not the proper forum to assert petitioner's claims. Therefore, this § 2241 petition will be dismissed, without prejudice as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed for this Court's lack of jurisdiction, with prejudice. See Pack v. Yusuff, 218 F.3d 448, 454-55 (5th Cir.2000).

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the   2nd   day of September, 2009.

                                             s/ David Bramlette  
                                        UNITED STATES DISTRICT JUDGE